Angle, J.
The principal defendant, Thomas Hoyle, with his wife, who was a daughter of the plaintiff, on the. 5th December, 1883, by a deed duly executed by them, disposed of the custody and tuition of their infant daughter Edith Evelyn Hoyle during its minority to the plaintiff, as provided by the Revised Statutes, as amended-by chapter 32, Laws of 1871. This deed was recorded in Oayuga county clerk’s office on the 21st day of July, 1884, having been first duly acknowledged. At the time of the execution of this deed, Mrs. Hoyle was fatally ill, and she afterwards died. The plaintiff accepted the custody and tuition of the child under said deed. The *439 moving papers abundantly establish that Thomas Hoyle and' persons acting under him and by his procurement, interfere with the rights of the plaintiff to such custody and tuition, and annoy and embarrass her in the exercise of her rights under said deed. Ho question is made as to the validity of the deed and it is valid and effectual against the father of the infant. The action is to enforce the rights of the,plaintiff under the deed and to compel a regard for these rights in the defendants.
A precedent for the action is found in Swift agt. Swift (34 Beav., 266), a case in which by articles of separation between husband and wife, the former covenanted that their two children should at all times thereafter be under the sole care, management and protection of the wife.” Afterwards the husband endeavored forcibly', but ineffectually, to obtain possession of one of the children, in consequence of which the wife commenced an action praying for an injunction to ■ restrain the husband from removing from or prosecuting any proceedings to obtain the children from her custody, or interfering with her in their care, management and protection, and the master of the rolls awarded an injunction.
The case of Swift agt. Swift presented other features, among which was the principle of the English law that it was against public policy for a parent, by contract, to deprive himself of parental authority and power; but that case is clearly an authority under our statute for an injunction in the present case.
There is nothing in the papers to warrant a suspicion that plaintiff’s contemplated visit to England is in bad faith, or with intent not to return with, the child; and even if it were so, the authorities cited by plaintiff’s counsel seem to hold that she has the right to change the domicile of the child.
It was strongly urged by counsel for the defendants that it would be an unwarrantable assumption of jurisdiction to restrain attorneys and counselors from practicing their profession by taking such legal proceedings, by habeas corpus or otherwise^ as they might deem proper for the protection of *440 the rights of clients. But the restraining of proceedings at law is an old head of equity jurisdiction, and in such actions the injunctions run, not only against a party, but also against his attorneys, counselors', agents, &c.
The plaintiff is entitled to an injunction substantially as prayed for in the complaint, and if counsel cannot agree upon the form it will be settled upon notice of four days.
Ten dollars costs of motion to the prevailing party in the action, to abide the event..